# United States Bankruptcy Court
## Eastern District of Virginia - Norfolk Division

In re: __Leisa Denise Bell__
Debtor(s)

Case No. __16-72364-SCS__
Chapter __13__

## SPECIAL NOTICE TO SECURED CREDITOR

To: __Crescent Bank
POB 60048
New Orleans, LA 70160__
*Name of creditor*

__2014 Nissan Maxima__
*Description of collateral*

1. The attached chapter 13 plan filed by the debtor(s) proposes (*check one*):

   ☑ To value your collateral. *See Section 3 of the plan.* Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

   ☐ To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold. *See Section 7 of the plan.* All or a portion of the amount you are owed will be treated as an unsecured claim.

2. *You should read the attached plan carefully for the details of how your claim is treated.* The plan may be confirmed, and the proposed relief granted, unless you file and serve a written objection by the date specified and appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

| | |
|---|---|
| Date objection due: | __7 days prior to confirmation hearing__ |
| Date and time of confirmation hearing: | __October 13, 2016 @ 10:00 a.m.__ |
| Place of confirmation hearing: | __Chief Judge St. John's Courtroom, 600 Granby Street, 4th Floor, Courtroom #1, Norfolk, VA__ |

__Leisa Denise Bell__
*Name(s) of debtor(s)*

By: /s/ Tommy C. Smith, III 42409
*Signature*

☑ Debtor(s)' Attorney
☐ Pro se debtor

__Tommy C. Smith, III 42409__
*Name of attorney for debtor(s)*
__1600 Virginia Beach Blvd.
Virginia Beach, VA 23454__
*Address of attorney [or pro se debtor]*

Tel. # __757-428-3481__
Fax # __757-491-6174__

## CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

☑ first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

☐ certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this ____August 30, 2016____ .

_____
Tommy C. Smith, III 42409
*Signature of attorney for debtor(s)*

Ver. 09/17/09 [effective 12/01/09]

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA - NORFOLK DIVISION

## CHAPTER 13 PLAN
## AND RELATED MOTIONS

Name of Debtor(s):   Leisa Denise Bell                                 Case No: 16-72364-SCS

This plan, dated __August 30, 2016__, is:

    ☐ the *first* Chapter 13 plan filed in this case.
    ☑ a modified Plan, which replaces the
       ☐ confirmed or ☑ unconfirmed Plan dated **07/11/2016**.

    Date and Time of <u>Modified Plan</u> Confirming Hearing:
    **October 13, 2016 @ 10:00 a.m.**
    Place of <u>Modified Plan</u> Confirmation Hearing:
    **Chief Judge St. John's Courtroom, 600 Granby Street, 4th Floor, Courtroom #1, Norfolk, VA**

    The Plan provisions modified by this filing are:
    **Funding**

    Creditors affected by this modification are:
    **All**

**NOTICE: YOUR RIGHTS WILL BE AFFECTED. You should read these papers carefully. If you oppose any provision of this Plan, or if you oppose any included motions to (i) value collateral, (ii) avoid liens, or (iii) assume or reject unexpired leases or executory contracts, you MUST file a timely written objection.**

**This Plan may be confirmed and become binding, <u>and the included motions in paragraphs 3, 6, and 7 to value collateral, avoid liens, and assume or reject unexpired leases or executory contracts may be granted</u>, without further notice or hearing unless a written objection is filed not later than seven (7) days prior to the date set for the confirmation hearing and the objecting party appears at the confirmation hearing.**

The debtor(s)' schedules list assets and liabilities as follows:

    Total Assets: **$231,227.00**
    Total Non-Priority Unsecured Debt: **$40,186.00**
    Total Priority Debt: **$323.00**
    Total Secured Debt: **$215,484.00**

1. **Funding of Plan.** The debtor(s) propose to pay the trustee the sum of **$1,420.00 Monthly for 1 month, then $1,550.00 Monthly for 35 months**. Other payments to the Trustee are as follows: __**NONE**__ . The total amount to be paid into the plan is $ __**55,670.00**__ .

2. **Priority Creditors.** The Trustee shall pay allowed priority claims in full unless the creditor agrees otherwise.

    A. **Administrative Claims under 11 U.S.C. § 1326.**

    1. The Trustee will be paid the percentage fee fixed under 28 U.S.C. § 586(e), not to exceed 10%, of all sums disbursed except for funds returned to the debtor(s).
    2. Debtor(s)' attorney will be paid $ __**4,360.00**__ balance due of the total fee of $ __**5,000.00**__ concurrently with or prior to the payments to remaining creditors.

    B. **Claims under 11 U.S.C. §507.**
    The following priority creditors will be paid by deferred cash payments pro rata with other priority creditors or in monthly installments as below, except that allowed claims pursuant to 11 U.S.C. § 507(a)(1) will be paid prior to other priority creditors but concurrently with administrative claims above:

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
|---|---|---|---|
| VA Department of Taxation | Taxes and certain other debts | 323.00 | Prorata 1 months |

3. **Secured Creditors: Motions to Value Collateral ("Cramdown"), Collateral being Surrendered, Adequate Protection Payments, and Payment of certain Secured Claims.**

    A. **Motions to Value Collateral (other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) or by the final paragraph of 11 U.S.C. § 1325(a)). Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion to value collateral as set forth herein.**

    This section deals with valuation of certain claims secured by real and/or personal property, other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) [real estate which is debtor(s)' principal residence] or by the final paragraph of 11 U.S.C. § 1325(a) [motor vehicles purchased within 910 days or any other thing of value purchased within 1 year before filing bankruptcy], in which the replacement value is asserted to be less than the amount owing on the debt. **Such debts will be treated as secured claims only to the extent of the replacement value of the collateral. That value will be paid with interest as provided in sub-section D of this section. You must refer to section 3(D) below to determine the interest rate, monthly payment and estimated term of repayment of any "crammed down" loan. The deficiency balance owed on such a loan will be treated as an unsecured claim to be paid only to the extent provided in section 4 of the Plan.** The following secured claims are to be "crammed down" to the following values:

| Creditor | Collateral | Purchase Date | Est Debt Bal. | Replacement Value |
|---|---|---|---|---|
| -NONE- | | | | |

    B. **Real or Personal Property to be Surrendered.**

    Upon confirmation of the Plan, or before, the debtor(s) will surrender his/her/their interest in the collateral securing the claims of the following creditors in satisfaction of the secured portion of such creditors' allowed claims. To the extent that the collateral does not satisfy the claim, any timely filed deficiency claim to which the creditor is entitled may be paid as a non-priority unsecured claim. Confirmation of the Plan shall terminate the automatic stay as to the interest of the debtor(s) and the estate in the collateral.

| Creditor | Collateral Description | Estimated Value | Estimated Total Claim |
|---|---|---|---|
| -NONE- | | | |

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

C.  **Adequate Protection Payments.**

The debtor(s) propose to make adequate protection payments required by 11 U.S.C. § 1326(a) or otherwise upon claims secured by personal property, until the commencement of payments provided for in sections 3(D) and/or 6(B) of the Plan, as follows:

| Creditor | Collateral Description | Adeq. Protection Monthly Payment | To Be Paid By |
|---|---|---|---|
| Crescent Bank | 2014 Nissan Maxima | 100.00 | trustee by end of each month |

Any adequate protection payment upon an unexpired lease of personal property assumed by the debtor(s) pursuant to section 6(B) of the Plan shall be made by the debtor(s) as required by 11 U.S.C. § 1326(a)(1)(B) (payments coming due after the order for relief).

D.  **Payment of Secured Claims on Property Being Retained (except only those loans provided for in section 5 of the Plan):**

This section deals with payment of debts secured by real and/or personal property [including short term obligations, judgments, tax liens and other secured debts]. After confirmation of the Plan, the Trustee will pay to the holder of each allowed secured claim, which will be either the balance owed on the indebtedness or, where applicable, the collateral's replacement value as specified in sub-section A of this section, **whichever is less**, with interest at the rate provided below, the monthly payment specified below until the amount of the secured claim has been paid in full. **Upon confirmation of the Plan, the valuation and interest rate shown below will be binding unless a timely written objection to confirmation is filed with and sustained by the Court.**

| Creditor | Collateral | Approx. Bal. of Debt or "Crammed Down" Value | Interest Rate | Monthly Paymt & Est. Term** |
|---|---|---|---|---|
| Crescent Bank | 2014 Nissan Maxima | 18,200.00 | 5.25% | 547.52<br>36 months |

E.  **Other Debts.**

Debts which are (i) mortgage loans secured by real estate which is the debtor(s)' primary residence, or (ii) other long term obligations, whether secured or unsecured, to be continued upon the existing contract terms with any existing default in payments to be cured pursuant to 11 U.S.C. § 1322(b)(5), are provided for in section 5 of the Plan.

4.  **Unsecured Claims.**

   A.  **Not separately classified.** Allowed non-priority unsecured claims shall be paid pro rata from any distribution remaining after disbursement to allowed secured and priority claims. Estimated distribution is approximately __100__ %. The dividend percentage may vary depending on actual claims filed. If this case were liquidated under Chapter 7, the debtor(s) estimate that unsecured creditors would receive a dividend of approximately __0__ %.

   B.  **Separately classified unsecured claims.**

| Creditor | Basis for Classification | Treatment |
|---|---|---|
| -NONE- | | |

Page 3 of 8

5. **Mortgage Loans Secured by Real Property Constituting the Debtor(s)' Primary Residence; Other Long Term Payment Obligations, whether secured or unsecured, to be continued upon existing contract terms; Curing of any existing default under 11 U.S.C. § 1322(b)(5).**

   A. **Debtor(s) to make regular contract payments; arrears, if any, to be paid by Trustee.** The creditors listed below will be paid by the debtor(s) pursuant to the contract without modification, except that arrearages, if any, will be paid by the Trustee either pro rata with other secured claims or on a fixed monthly basis as indicated below, without interest unless an interest rate is designated below for interest to be paid on the arrearage claim and such interest is provided for in the loan agreement.

   | Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Arrearage Interest Rate | Estimated Cure Period | Monthly Arrearage Payment |
   |---|---|---|---|---|---|---|
   | Wells Fargo | 942 Hannah Street Norfolk, VA 23505 Norfolk City County | 1,489.00 | 5,000.00 | 0% | 7 months | Prorata |

   B. **Trustee to make contract payments and cure arrears, if any.** The Trustee shall pay the creditors listed below the regular contract monthly payments that come due during the period of this Plan, and pre-petition arrearages on such debts shall be cured by the Trustee either pro rata with other secured claims or with monthly payments as set forth below.

   | Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate | Term for Arrearage | Monthly Arrearage Payment |
   |---|---|---|---|---|---|---|
   | -NONE- | | | | | | |

   C. **Restructured Mortgage Loans to be paid fully during term of Plan.** Any mortgage loan against real estate constituting the debtor(s)' principal residence upon which the last scheduled contract payment is due before the final payment under the Plan is due shall be paid by the Trustee during the term of the Plan as permitted by 11 U.S.C. § 1322(c)(2) with interest at the rate specified below as follows:

   | Creditor | Collateral | Interest Rate | Estimated Claim | Monthly Paymt & Est. Term** |
   |---|---|---|---|---|
   | -NONE- | | | | |

6. **Unexpired Leases and Executory Contracts.** The debtor(s) move for assumption or rejection of the executory contracts and leases listed below.

   A. **Executory contracts and unexpired leases to be rejected.** The debtor(s) reject the following executory contracts.

   | Creditor | Type of Contract |
   |---|---|
   | -NONE- | |

   B. **Executory contracts and unexpired leases to be assumed.** The debtor(s) assume the following executory contracts. The debtor agrees to abide by all terms of the agreement. The Trustee will pay the pre-petition arrearages, if any, through payments made pro rata with other priority claims or on a fixed monthly basis as indicated below.

   | Creditor | Type of Contract | Arrearage | Monthly Payment for Arrears | Estimated Cure Period |
   |---|---|---|---|---|
   | -NONE- | | | | |

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                                   Best Case Bankruptcy

7. **Liens Which Debtor(s) Seek to Avoid.**

   A. **The debtor(s) move to avoid liens pursuant to 11 U.S.C. § 522(f).** The debtor(s) move to avoid the following judicial liens and non-possessory, non-purchase money liens that impair the debtor(s)' exemptions. **Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion and cancel the creditor's lien.** If an objection is filed, the Court will hear evidence and rule on the motion at the confirmation hearing.

   | Creditor | Collateral | Exemption Amount | Value of Collateral |
   |---|---|---|---|
   | -NONE- | | | |

   B. **Avoidance of security interests or liens on grounds other than 11 U.S.C. § 522(f).** The debtor(s) have filed or will file and serve separate pleadings to avoid the following liens or security interests. The creditor should review the notice or summons accompanying such pleadings as to the requirements for opposing such relief. The listing here is for information purposes only.

   | Creditor | Type of Lien | Description of Collateral | Basis for Avoidance |
   |---|---|---|---|
   | -NONE- | | | |

8. **Treatment and Payment of Claims.**
   - All creditors must timely file a proof of claim to receive payment from the Trustee.
   - If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the Plan, the creditor may be treated as unsecured for purposes of distribution under the Plan. This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge.
   - If a claim is listed in the plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the Plan.
   - The Trustee may adjust the monthly disbursement amount as needed to pay an allowed secured claim in full.

9. **Vesting of Property of the Estate.** Property of the estate shall revest in the debtor(s) upon confirmation of the Plan. Notwithstanding such vesting, the debtor(s) may not sell, refinance, encumber real property or enter into a mortgage loan modification without approval of the Court after notice to the Trustee, any creditor who has filed a request for notice and other creditors to the extent required by the Local Rules of this Court.

10. **Incurrence of indebtedness.** The debtor(s) shall not voluntarily incur additional indebtedness exceeding the cumulative total of $5,000 principal amount during the term of this Plan, either unsecured or secured against personal property, except upon approval of the Court after notice to the Trustee, any creditor who has filed a request for notice, and other creditors to the extent required by the Local Rules of this Court.

11. **Other provisions of this plan:**
    **Debtor shall continue to make payments on student loan as the debt is non-dischargeable and extends beyond the life of this plan.**

    **Debtor is over median income. Plan is anticipated to pay 100% of claims at or before month 36.**

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                                Best Case Bankruptcy

Signatures:

Dated: August 10, 2016

/s/ Leisa Denise Bell  *Leisa Denise Bell*
Leisa Denise Bell
Debtor

/s/ Tommy C. Smith, III
Tommy C. Smith, III 42409
Debtor's Attorney

Exhibits: Copy of Debtor(s)' Budget (Schedules I and J);
Matrix of Parties Served with Plan

Certificate of Service

I certify that on __August 10, 2016__ (31), I mailed a copy of the foregoing to the creditors and parties in interest on the attached Service List.

/s/ Tommy C. Smith, III
Tommy C. Smith, III 42409
Signature

1600 Virginia Beach Blvd.
Virginia Beach, VA 23454
Address

757-428-3481
Telephone No.

Ver. 09/17/09 [effective 12/01/09]

Fill in this information to identify your case:

Debtor 1: Leisa Denise Bell

Debtor 2 (Spouse, if filing):

United States Bankruptcy Court for the: EASTERN DISTRICT OF VIRGINIA - NORFOLK DIVISION

Case number (If known): 16-72364-SCS

Check if this is:
☐ An amended filing
☐ A supplement showing postpetition chapter 13 income as of the following date:
_____ MM / DD/ YYYY

Official Form 106I

## Schedule I: Your Income

12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1: Describe Employment

1. Fill in your employment information.

    If you have more than one job, attach a separate page with information about additional employers.

    Include part-time, seasonal, or self-employed work.

    Occupation may include student or homemaker, if it applies.

|  | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|
| Employment status | ■ Employed<br>☐ Not employed | ☐ Employed<br>☐ Not employed |
| Occupation | Coal Office Clerk |  |
| Employer's name | Norfolk Southern Railroad |  |
| Employer's address | 200 Redgate Avenue<br>Norfolk, VA 23507 |  |
| How long employed there? | 2008 |  |

### Part 2: Give Details About Monthly Income

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

|  |  | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. | List monthly gross wages, salary, and commissions (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | $ 6,137.00 | $ N/A |
| 3. | Estimate and list monthly overtime pay. | +$ 0.00 | +$ N/A |
| 4. | Calculate gross Income. Add line 2 + line 3. | $ 6,137.00 | $ N/A |

Official Form 106I                                         Schedule I: Your Income                                         page 1

Debtor 1   Leisa Denise Bell _____   Case number (if known) 16-72364-SCS

|  |  | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---:|---:|
|  | Copy line 4 here          4. | $ 6,137.00 | $ N/A |
| 5. | List all payroll deductions: |  |  |
| 5a. | Tax, Medicare, and Social Security deductions   5a. | $ 1,549.00 | $ N/A |
| 5b. | Mandatory contributions for retirement plans   5b. | $ 0.00 | $ N/A |
| 5c. | Voluntary contributions for retirement plans   5c. | $ 0.00 | $ N/A |
| 5d. | Required repayments of retirement fund loans   5d. | $ 0.00 | $ N/A |
| 5e. | Insurance                         5e. | $ 0.00 | $ N/A |
| 5f. | Domestic support obligations            5f. | $ 0.00 | $ N/A |
| 5g. | Union dues                        5g. | $ 0.00 | $ N/A |
| 5h. | Other deductions. Specify: _____         5h.+ | $ 0.00 + | $ N/A |
| 6. | Add the payroll deductions. Add lines 5a+5b+5c+5d+5e+5f+5g+5h.   6. | $ 1,549.00 | $ N/A |
| 7. | Calculate total monthly take-home pay. Subtract line 6 from line 4.   7. | $ 4,588.00 | $ N/A |
| 8. | List all other income regularly received: |  |  |
| 8a. | Net income from rental property and from operating a business, profession, or farm. Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income.   8a. | $ 0.00 | $ N/A |
| 8b. | Interest and dividends   8b. | $ 0.00 | $ N/A |
| 8c. | Family support payments that you, a non-filing spouse, or a dependent regularly receive. Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement.   8c. | $ 0.00 | $ N/A |
| 8d. | Unemployment compensation   8d. | $ 0.00 | $ N/A |
| 8e. | Social Security   8e. | $ 0.00 | $ N/A |
| 8f. | Other government assistance that you regularly receive. Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. Specify: _____   8f. | $ 0.00 | $ N/A |
| 8g. | Pension or retirement income   8g. | $ 1,011.00 | $ N/A |
| 8h. | Other monthly income. Specify: VA Disability   8h.+ | $ 2,100.00 + | $ N/A |
|  | Child's Disability | $ 205.00 | $ N/A |
| 9. | Add all other income. Add lines 8a+8b+8c+8d+8e+8f+8g+8h.   9. | $ 3,316.00 | $ N/A |
| 10. | Calculate monthly income. Add line 7 + line 9.   10. | $ 7,904.00 + | $ N/A = $ 7,904.00 |
|  | Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse. |  |  |
| 11. | State all other regular contributions to the expenses that you list in Schedule J. Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives. Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in Schedule J. Specify: _____   11. | +$ 0.00 |  |
| 12. | Add the amount in the last column of line 10 to the amount in line 11. The result is the combined monthly income. Write that amount on the Summary of Schedules and Statistical Summary of Certain Liabilities and Related Data, if it applies   12. | $ 7,904.00 Combined monthly income |  |

13. Do you expect an increase or decrease within the year after you file this form?
   ■ No.
   ☐ Yes. Explain: _____

Fill in this information to identify your case:

Debtor 1: **Leisa Denise Bell**

Debtor 2:
(Spouse, if filing)

United States Bankruptcy Court for the: EASTERN DISTRICT OF VIRGINIA - NORFOLK DIVISION

Case number: **16-72364-SCS**
(If known)

Check if this is:
☐ An amended filing
☐ A supplement showing postpetition chapter 13 expenses as of the following date:

_____
MM / DD / YYYY

## Official Form 106J
## Schedule J: Your Expenses        12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1: Describe Your Household

1. Is this a joint case?

   ■ No. Go to line 2.
   ☐ Yes. Does Debtor 2 live in a separate household?
   　　☐ No
   　　☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

2. Do you have dependents?  ☐ No

   Do not list Debtor 1 and Debtor 2.    ■ Yes. Fill out this information for each dependent............

   Do not state the dependents names.

   | Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
   |---|---|---|
   | | | ☐ No |
   | Son | 16 | ■ Yes |
   | | | ☐ No |
   | Daughter | 20 | ■ Yes |
   | | | ☐ No |
   | | | ☐ Yes |
   | | | ☐ No |
   | | | ☐ Yes |

3. Do your expenses include expenses of people other than yourself and your dependents?
   
   ■ No
   ☐ Yes

### Part 2: Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

Your expenses

4. The rental or home ownership expenses for your residence. Include first mortgage payments and any rent for the ground or lot.    4. $ 1,489.00

   If not included in line 4:

   4a. Real estate taxes                                          4a. $ 0.00
   4b. Property, homeowner's, or renter's insurance               4b. $ 0.00
   4c. Home maintenance, repair, and upkeep expenses              4c. $ 0.00
   4d. Homeowner's association or condominium dues                4d. $ 0.00
5. Additional mortgage payments for your residence, such as home equity loans    5. $ 0.00

Official Form 106J                    Schedule J: Your Expenses                    page 1

Debtor 1  Leisa Denise Bell                                                    Case number (if known) 16-72364-SCS

6. **Utilities:**
   - 6a. Electricity, heat, natural gas — 6a. $ 275.00
   - 6b. Water, sewer, garbage collection — 6b. $ 60.00
   - 6c. Telephone, cell phone, Internet, satellite, and cable services — 6c. $ 320.00
   - 6d. Other. Specify: — 6d. $ 0.00
7. **Food and housekeeping supplies** — 7. $ 800.00
8. **Childcare and children's education costs** — 8. $ 0.00
9. **Clothing, laundry, and dry cleaning** — 9. $ 150.00
10. **Personal care products and services** — 10. $ 20.00
11. **Medical and dental expenses** — 11. $ 45.00
12. **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. — 12. $ 300.00
13. **Entertainment, clubs, recreation, newspapers, magazines, and books** — 13. $ 100.00
14. **Charitable contributions and religious donations** — 14. $ 0.00
15. **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20.
    - 15a. Life insurance — 15a. $ 0.00
    - 15b. Health insurance — 15b. $ 0.00
    - 15c. Vehicle insurance — 15c. $ 146.00
    - 15d. Other insurance. Specify: — 15d. $ 0.00
16. **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: — 16. $ 0.00
17. **Installment or lease payments:**
    - 17a. Car payments for Vehicle 1 — 17a. $ 0.00
    - 17b. Car payments for Vehicle 2 — 17b. $ 0.00
    - 17c. Other. Specify: — 17c. $ 0.00
    - 17d. Other. Specify: — 17d. $ 0.00
18. **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, Schedule I, Your Income (Official Form 106I).** — 18. $ 0.00
19. **Other payments you make to support others who do not live with you.** Specify: — 19. $ 0.00
20. **Other real property expenses not included in lines 4 or 5 of this form or on Schedule I: Your Income.**
    - 20a. Mortgages on other property — 20a. $ 0.00
    - 20b. Real estate taxes — 20b. $ 0.00
    - 20c. Property, homeowner's, or renter's insurance — 20c. $ 0.00
    - 20d. Maintenance, repair, and upkeep expenses — 20d. $ 0.00
    - 20e. Homeowner's association or condominium dues — 20e. $ 0.00
21. **Other:** Specify: **Assistance to daughter in college** — 21. +$ 200.00
    - **Assistance to mother w/cancer** — +$ 500.00
    - **Student loans** — +$ 158.00
    - **Contingent expense** — +$ 274.00
22. **Calculate your monthly expenses**
    - 22a. Add lines 4 through 21. — $ 4,837.00
    - 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 — $
    - 22c. Add line 22a and 22b. The result is your monthly expenses. — $ 4,837.00
23. **Calculate your monthly net income.**
    - 23a. Copy line 12 (your combined monthly income) from Schedule I. — 23a. $ 7,904.00
    - 23b. Copy your monthly expenses from line 22c above. — 23b. -$ 4,837.00
    - 23c. Subtract your monthly expenses from your monthly income. The result is your *monthly net income.* — 23c. $ 3,067.00
24. **Do you expect an increase or decrease in your expenses within the year after you file this form?** For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?
    - ■ No.
    - ☐ Yes.   Explain here:

Official Form 106J                Schedule J: Your Expenses                page 2

# United States Bankruptcy Court
### Eastern District of Virginia - Norfolk Division

In re   Leisa Denise Bell                                                                                          Case No.   _____

                                   Debtor(s)                                                                       Chapter    **13**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   | | |
   |---|---|
   | For legal services, I have agreed to accept | $ **5,000.00** |
   | Prior to the filing of this statement I have received | $ **640.00** |
   | Balance Due | $ **4,360.00** |

2. The source of the compensation paid to me was:

   [✔] Debtor     [ ] Other *(specify)*

3. The source of compensation to be paid to me is:

   [✔] Debtor     [ ] Other *(specify)*

4. [✔] I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   [ ] I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:
   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. Other provisions as needed:
      **Negotiations with secured creditors to reduce to market value; exemption planning; preparation and filing of reaffirmation agreements and applications as needed; preparation and filing of motions pursuant to 11 USC 522(f)(2)(A) for avoidance of liens on household goods.**

6. By agreement with the debtor(s), the above-disclosed fee does not include the following services:
   **Representation of the debtors in any dischargeability actions and/or any other adversary proceeding.**

## CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

| | |
|---|---|
| **June 24, 2016** | **/s/ Tommy C. Smith, III** |
| *Date* | Tommy C. Smith, III 42409 |
| | *Signature of Attorney* |
| **/s/ Leisa Denise Bell** | **Law Offices of Tom C. Smith** |
| /s/ Leisa Denise Bell | *Name of Law Firm* |
| | **1600 Virginia Beach Blvd.** |
| | **Virginia Beach, VA 23454** |
| | **757-428-3481  Fax: 757-491-6174** |

```
Label Matrix for local noticing      Wells Fargo Bank, N.A.              United States Bankruptcy Court
0422-2                               8100 Three Chopt Rd                 600 Granby St., Room 400
Case 16-72364-SCS                    Suite 240                           Norfolk, VA 23510-1915
Eastern District of Virginia         Richmond, VA 23229-4833
Norfolk
Tue Aug 30 10:47:00 EDT 2016

Crescent Bank                        Crescent Bank & Trust               Grand Furniture
POB 60048                            P.O. Box 61813                      1305 Baker Road
New Orleans, LA 70160-0048           New Orleans, LA 70161-1813          Virginia Beach, VA 23455-3317


Lane Bryant                          NAVY FEDERAL CREDIT UNION           Navy Federal Credit Union
Comenity Bank                        PO BOX 3000                         c/o Cutler Dawson, Pres/CEO
POB 659728                           MERRIFIELD, VA 22119-3000           820 Follin Lane
San Antonio, TX 78265-9728                                               Vienna, VA 22180-4907


Nexcard-Military Star                Sallie Mae                          Tek Collect
P.O. Box 650524                      POB 9533                            POB 1269
Sperry, IA 52650-0000                Wilkes-Barre, PA 18773-9533         Columbus, OH 43216-1269


(p)VIRGINIA DEPARTMENT OF TAXATION   Wells Fargo                         Leisa Denise Bell
P O BOX 2156                         c/o John Stumpf, Pres & CEO         942 Hannah Street
RICHMOND VA 23218-2156               101 N. Phillips Avenue              Norfolk, VA 23505-2000
                                     Sioux Falls, SD 57104-6714


Michael P. Cotter                    Tommy C. Smith III
Chapter 13 Trustee                   Law Offices of Tom C. Smith
870 Greenbrier Circle, Suite 402     1600 Virginia Beach Boulevard
Chesapeake, VA 23320-2641            Virginia Beach, VA 23454-4631
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
VA Department of Taxation            End of Label Matrix
P.O. Box 2369                        Mailable recipients    16
Richmond, VA 23218-0000              Bypassed recipients     0
                                     Total                  16
```

*For use in Chapter 13 Cases where Fees Requested <u>Not in Excess of $5,050</u>*
*<u>(For all Cases Filed on or after 1/01/2015)</u>*

# NOTICE TO DEBTOR(S), STANDING CHAPTER 13 TRUSTEE AND UNITED STATES TRUSTEE
# PURSUANT TO LOCAL BANKRUPTCY RULE 2016-1(C) AND CLERK'S CM/ECF POLICY 9

Notice is hereby given that pursuant to Local Bankruptcy Rule 2016-1(C), you must file an objection with the court to the fees requested in this disclosure of compensation opposing said fees in their entirety, or in a specific amount, no later than the last day for filing objections to confirmation of the chapter 13 plan.

## PROOF OF SERVICE

The undersigned hereby certifies that on this date the foregoing Notice was served upon the debtor(s), the standing Chapter 13 trustee, and U. S. trustee pursuant to Local Bankruptcy Rule 2016-1(C) and the Clerk's CM/ECF Policy 9, either electronically or in paper form (first class mail).

~~June 24, 2016~~ 8-31-16
*Date*

/s/ Tommy C. Smith, III
Tommy C. Smith, III 42409
*Signature of Attorney*